IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM RENARD RALEIGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-584-GPM |
| | ) |
| LISA J. W. HOLLINGSWORTH, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner, an inmate in the United States Penitentiary located in Marion, Illinois (USP-Marion), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the 150 month sentence imposed on him by the United States District Court for the District of Minnesota.[1]  *See United States v. Raleigh*, Case No. 0:03-cr-272-RHK-AJB (D. Minn.).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that

---

[1] In a few places in his petition, Petitioner appears to claim that he is serving a 262 month sentence.  However, it is clear from the petition (at p. 9) and from the records of the District of Minnesota that Petitioner's sentence was adjusted downward to 150 months because Petitioner provided substantial assistance to the Government.

Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus.  A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence.  *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991).  Petitioner contends that he "is challenging the way in which his sentence was imposed … [and] in essence, a challenge to the execution of his federal sentence."  But, a challenge to a sentence imposed by a District Court is not "in essence" a challenge to the way in which the Federal Bureau of Prisons is executing (i.e., carrying out) the sentence imposed.

Furthermore, an action pursuant to 28 U.S.C. § 2241 may only be brought if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.  *See generally Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").  In *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998),  the Seventh Circuit Court of Appeals considered the meaning of "inadequacy" for these purposes and found that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***."  147 F.3d at 611 (emphasis added).  The Court of Appeals later clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)."  *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. To the contrary, Petitioner merely asserts that the District of Minnesota wrongly determined that he was a "career offender" pursuant to U.S.S.G. § 4B1.1. Petitioner was not convicted of being a "career offender." It is not a "crime" to be a "career offender." Rather, that status is a sentencing enhancement that increases the sentence of a convicted defendant who meets the statutory definition. *See* U.S.S.G. § 4B1.1 It is intended to ensure increased sentences for recidivist offenders who have committed crimes of violence or drug offenses. *See United States v. Labonte*. 520 U.S. 751, 774 (1997). Being innocent of being a "career offender" is innocence only in a "technical sense," which is insufficient to show that § 2255 is "inadequate or ineffective" to allow a § 2241 petition by a federal prisoner. *In re Davenport*, 147 F.3d at 609-10. Rather, such a claim is appropriate for a direct appeal or a § 2255 motion to vacate or modify sentence.

Because Petitioner's claim that he was wrongfully determined a "career offender" fails under § 2241, so too does his claim that he should be re-sentenced under U.S.S.G. Amendment 709. Plaintiff concedes that Amendment 709 is not mandatorily retroactive and, therefore, provides Petitioner no relief. *See United States v. Alexander*, 553 F.3d 591, 593 (7th Cir. 2009).

Because § 2241 cannot provide Petitioner with the desired relief, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

DATED: 03/16/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge